[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 93-1222

 FRANK A. BUCO,

 Petitioner,

 v.

 UNITED STATES OF AMERICA,

 Respondent.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Edward F. Harrington, U.S. District Judge]
 

 

 Before

 Selya, Boudin and Stahl,
 Circuit Judges.
 

 

 Frank A. Buco on brief pro se.
 
 A. John Pappalardo, United States Attorney, Wendy Warring,
 
Trial Attorney, U.S. Department of Justice, New England Bank
Fraud Task Force, and Margaret R. Hinkle, Director, New England
 
Bank Fraud Task Force, on brief for appellee.

 

 June 10, 1993
 

 Per Curiam. On this appeal from the denial of a motion
 

under 28 U.S.C. 2255 filed by petitioner Frank Buco, the

government has conceded that an error, unnoticed by anyone,

was made in the calculation of the sentencing guideline range

when petitioner was originally sentenced. Buco was convicted

of bank fraud and related offenses and, at the time of

sentencing in 1991, a total offense level of 19 was computed,

including a 3-point upward adjustment for an aggravating role

and a 2-point upward adjustment for abuse of a position of

trust. U.S.S.G. 3B.1.1(b), 3B1.3 (1990). Buco did not

appeal the sentence.

 Although the guidelines in effect at the time of

sentencing permitted both adjustments, the guidelines in

effect at the time of the offenses (which apparently ended in

1989) did not. Compare U.S.S.G. 3B1.3 (1989) with U.S.S.G.
 

 3B1.3 (1990) (as amended by Amendment 346). The government

concedes that the 2-point upward adjustment for abuse of a

position of trust was impermissible under the Ex Post Facto

Clause. See Miller v. Florida, 482 U.S. 423, 429-35 (1987).
 

But it also contends that the issue was not properly

preserved and that, in any event, Buco was not prejudiced.

 The guideline range computed at the time of sentencing

was 30-37 months, but departing downward (somewhat

reluctantly) to reflect Buco's cooperation with authorities,

the district court imposed a 27-month sentence. The correct

guideline range, based on the government's concession, is 24-

30 months. The government argues that the 27-month sentence

was the minimum the district court deemed appropriate. In

rejecting the government's suggestion of a departure down to

21 months, the district court stated that it would not drop

below 27 months because of Buco's greater involvement and

culpability in comparison to his codefendants who received

sentences of up to 24 months. Buco contends that the

district court, utilizing the correct guideline range, would

have imposed a 21-month sentence (the proper guideline

minimum less three months for cooperation). 

 Under United States v. Frady, 456 U.S. 152, 164-68
 

(1982), a procedurally defaulted habeas claim may not be

reviewed on the merits unless the petitioner can show cause

for the default as well as actual prejudice from the alleged

violation. An exception to Frady's cause plus prejudice
 

requirement exists where failure to consider the claim on the

merits would result in a fundamental miscarriage of justice.

Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991). Buco
 

contends that the probation officer's error in applying the

amended guidelines in Buco's presentence report and the

prosecutor's failure to identify the error are sufficient

cause for his procedural default. We do not agree.

 In order to establish "cause" for the default, the

petitioner must show that some "objective factor external to

the defense impeded [defense] counsel's efforts to comply

with . . . the procedural rule." Murray v. Carrier, 477 U.S
 

478, 488 (1986). Here the legal error was discoverable at

the time of sentencing, and the failure of the probation

 -3-

officer and prosecutor to discover the mistake does not

excuse defense counsel's own inadvertence any more than would

a trial court's failure to recognize error in its rulings.

There was no external impediment to defense counsel's

compliance with the rule requiring that objections to

guideline computations be made at or before sentencing. The

lawyer either neglected to read the pertinent guideline

provisions or else did so but missed the significance of the

limitation in the pre-1990 version of the guidelines.

 It also appears unlikely that the prejudice requirement

could be met. "To show `prejudice,' a defendant must

demonstrate `a reasonable probability that, but for [the

alleged] erro[r], the result of the proceeding would have

been different.'" Sawyer v. Whitley, 112 S.Ct. 2514, 2532
 

(1992) (concurring opinion of Mr. Justice Blackmun). From

the remarks made at sentencing, it seems to us at least as

likely that the present sentence would have been imposed even

if the correct guideline range had been used as the starting

point. However, this issue need not be resolved because

unless both cause and prejudice are shown, the procedural

default bars the petition unless a miscarriage of justice

would result. United States v. Ortiz, 966 F.2d 707, 717-18
 

(1st Cir. 1992), relied upon by petitioner, involved direct

appeal where the preconditions to habeas relief do not apply.

 -4-

 The contours of the "miscarriage of justice" concept are

not precisely delimited, and different standards may apply in

different contexts. See United States v. Orlando, 61
 

U.S.L.W. 4421, 4424 (1993). But the Supreme Court's recent

collateral review jurisprudence shows that when a sentence

falls within the correct guideline range, there is no

miscarriage of justice even though it is possible that absent

a mistake the sentencing court might have imposed a different

sentence. Sawyer, 112 S. Ct. at 2518-23. Without laying
 

down a blanket rule, we do not think that this case presents

a miscarriage of justice--a standard more stringent than the

prejudice requirement--and we therefore affirm the dismissal
 

of the petition.

 It is so ordered.
 

 -5-